UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1981 BEECH KING AIR 200
FIXED-WING AIRCRAFT,
SERIAL NO. BB-1017, WITH
FAA REGISTRATION # N270BE,

        Defendant,

_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, hereby files this civil complaint for forfeiture *in rem* and states as follows:

1.     This is a civil action for forfeiture *in rem* of One 1981 Beach King Air, fixed wing aircraft, Serial # BB-1017, with FAA Registration # N270BE, (hereinafter "the defendant" or "the defendant aircraft"), seized by the Drug Enforcement Administration on June 22, 2018, at the Fort Lauderdale Executive Airport  for violations of Title 49, United States Code, Section 46306(b)(3)(9), and (d)(2)(E).

2.     This Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.     Venue is proper in the Southern District of Florida pursuant to Title 28, United States Code, Sections 1355(b)(1), and 1395(a) because the acts or omissions giving rise to the forfeiture occurred in, and the defendant was seized here in the Southern District of Florida.

1

4.      The defendant aircraft was seized on June 22, 2018, and is in custody of the US Marshals Service.

5.      The defendant aircraft is forfeitable to the United States pursuant to Title 49, United States Code, Section 46306(d), as incorporated by Title 28, United States Code, Section 2461(a), which provides that the Administrator of DEA may seize and forfeit an aircraft whose use is related to a violation of subsection (b) of section 46306.

6.      Specifically, the defendant aircraft is forfeitable pursuant to Title 49, United States Code, Section 46306(d)(2)(E) being in violation of Title 49, United States Code, Section 46306(b)(9) predicated upon an unapproved Federal Aviation Administration ("FAA") Aircraft Fuel System in which the law presumes the aircraft fuel modification aids drug trafficking.  Further the defendant aircraft is forfeitable pursuant to Title 49, United States Code, Section 46306(d)(2)(C)(ii) predicated upon a violation of Title 49, United States Code, Section 46306(b)(4) wherein the application form used to obtain the aircraft certificate of registration contains a material false statement.

## FIRST CLAIM FOR FORFEITURE-DEFENDANT AIRCRAFT

Title 49, United States Code, Section 46306(b)(9)

*Unapproved FAA Aircraft Fuel System*

7.      Title 49, United States Code, Section 46306, details the regulations involving aircraft not providing air transportation. [i.e. not a commercial air carrier].

(b)      General Criminal Penalty-Except for provided by subsection (c) if this section, a person shall be fined under Title 18, imprisoned for not more than 3 years, or both, if the person-

(9)      Operates an aircraft with a fuel tank or fuel system that has been installed or modified knowing that the tank, system, installation, or modification

does not comply with regulations and requirements of the Administrator of the Federal Aviation Administration.

8.     Title 49, United States Code, Section 46306(d), authorizes the Drug Enforcement Administration and/or U.S. Customs and Border Protection to seize and forfeit an aircraft whose use is related to a violation of subsection (b) of this section or to aid or facilitate a violation, regardless of whether a person is charged with the violation.

(d)(2) An aircraft's use is ***presumed*** to have been related to a violation of-(drug trafficking)-

(E)     Subsection (b) (9) of this section if the aircraft has a fuel tank or a fuel system that was installed or altered

(i)     In violation of a regulation or requirement of the administration of the Federal Aviation Administration; or

(ii)    If a certificate required to be issued for installation or alteration is not carried on the aircraft.  (emphasis added)

9.     The FAA Drug Enforcement Assistance Act of 1988 was signed into law by the President on November 18, 1988.   This legislation amended Section 103 of the Federal Aviation Act of 1958 (FAAct) to require the FAA to provide assistance to law enforcement agencies in the enforcement of the laws relating to the regulation of controlled substances, to the extent consistent with aviation safety.

10.    This amended act also provides for significant civil and criminal penalties for the violation of Federal Aviation Regulations (FAR) dealing with the forgery of certificates, operating without a valid airman certificate, false markings on aircraft, **aircraft registration** matters, and **unapproved aircraft fuel system modifications**.

## FACTUAL BACKGROUND FOR FIRST CLAIM

11.     DEA Special Agent Ryan Petrasek was contacted on or about May 22, 2018, by a DEA Confidential Source (CS) in reference to the defendant aircraft.   The CS stated that the aircraft contained an illegal modification.  This modification was installed to extend the range of the aircraft so it could be utilized to transport drugs from South and Central America, with the ultimate destination of the United States without refueling.

12.     On June 15, 2018, defendant aircraft operated from Guatemala City, Guatemala, to Fort Lauderdale Executive Airport (FXE).  Upon arrival the defendant aircraft was detained by agents of the DEA pending an official inspection by the FAA.

13.     On June 20, 2018, FAA Safety Inspector Kenneth Feist conducted a thorough inspection of the defendant aircraft.  Safety Inspector Feist has worked for the FAA for 17 years and subject matter expert on aircraft maintenance.   Safety Inspector Feist discovered an unapproved fuel system which allowed fuel to be stored and distributed from the aircraft interior to the main fuel system.

14.     The unapproved fuel modification consisted of a hydraulic oil hose, not a fuel hose, and a quick fuel disconnect style fitting, which is unapproved aircraft hardware.  (see Exhibit A & B).

15.     The quick release hose is designed to be used with a portable fuel tank which was not located on the plane. The hose was hidden in the side panel of the aircraft behind a removable seat.  The installation of the hidden hose was passed through a pressurized cabin into the pressurized fuel tank.

16.     Further Safety Inspector Feist stated that this type of unapproved fuel system poses serious safety risk because it is not compatible for use with aviation fuel as it was designed for hydraulic oil use only.

17.     Safety Inspector Feist also reviewed the FAA Airworthiness file and determined that a FAA Form 337, Major Repair and Alteration was not on file as required by Federal Aviation Regulations (FAR).

18.     FAA Inspector Feist is very experienced in inspecting aircraft and confirmed that the CS references to the defendant aircraft's unapproved fuel system modifications are utilized by drug traffickers.

19.     The defendant aircraft is forfeitable pursuant to Title 49 , United States Code, Section 46306(d)(2)(E) predicated upon an Unapproved FAA Aircraft Fuel System in which the law presumes the aircraft fuel modification aids drug trafficking.

## SECOND CLAIM FOR FORFEITURE-DEFENDANT AIRCRAFT

Title 49, United States Code, Section 46306(b)(4)

*Registration of U.S. Aircraft*

20.     Various Federal statutes and regulations set forth the requirements for an aircraft to be properly registered with the FAA under Title 49, United States Code, Section 44103.

21.     Title 49, United States Code, Section 44103(a)(l)(A) and (B) provides that on application of the owner of an aircraft that meets the requirements of section 44102, the Administrator of the FAA shall register the aircraft and issue a certificate of registration to its owner.

22.     Title 14, Code Federal Regulations, Section 47.43(a) states, in pertinent part:

> (a) The registration of an aircraft is invalid if, at the time it is made-
>> (3) The applicant is not qualified to submit an application under this part; or
>> (4) The interest of the applicant in the aircraft was created by a transaction that was not entered into in good faith, but rather was made to avoid (with or without the owner's knowledge) compliance with 49 U.S.C. 44101-44104.

23.     In addition, Title 14, C.F.R. §91.203(a)(2) provides, in pertinent part, that no person may operate a civil aircraft unless it has within it "[a]n effective U.S. registration certificate issued to its owner, ... , or a registration certificate issued under the laws of a foreign country."

## FACTUAL BACKGROUND FOR SECOND CLAIM

24.     The United States incorporates and re-alleges paragraphs 1 through 23 above, as if fully set forth, herein.

25.     On January 18, 2018, the defendant aircraft, was purchased by Three Hundred Sixty Degrees LLC, 200 W. Wilson Ave Unit 2203, Glendale, CA 91203.   On March 9, 2018, FAA received the registration application where Manuel Melendez signed as the Manager of Three Hundred Sixty Degrees LLC.

26.     On June 8, 2018, FAA records revealed that the defendant aircraft was registered to a U.S. Corporation, Three Hundred Sixty Degrees LLC, 200 W. Wilson Ave, Unit 2203, Glendale, CA.  Manuel Melendez, signed as the Manager of the corporation.

27.     On June 20, 2018, Special Agent Ryan Petrasek contacted the Manuel Melendez who stated that he had registered the aircraft on behalf of a confidential client whose name he

would not release.    Manuel Melendez stated he did not own the aircraft and signed a DEA

Voluntary Disclaimer of Ownership of Currency or Property. (see Exhibit C).

28.    The CS further advised Special Agent Ryan Petrasek that he/she knew that

defendant aircraft was owned by Luis Pedro Chang.   The CS explained that the defendant aircraft

was registered to a shell U.S. Corporation to hide the true ownership of the aircraft.

29.    Luis Pedro Chang is a citizen of Guatemala and is a pilot by trade.   Luis Chang as

a Guatemalan citizen is ineligible to register a U.S. Aircraft as a U.S. Corporation or a U.S. Citizen.

Chang currently resides at 11 Calle 0-48, Zona 10, Segunda Nivel, Guatemala City Guatemala.

30.    On June 14, 2018, witnesses observed Lewis Pedro Chang watching DEA Agents

inspecting the defendant aircraft pre-seizure.   Chang made statements to witnesses that he believed

he was going to be arrested and fled the airport area without contacting the DEA or identifying

himself as the aircraft owner.

31.    The defendant aircraft is forfeitable pursuant to Title 49, United States Code,

Section 46306(d)(2)(C)(ii) predicated upon the application form that was used to obtain the

aircraft certificate of registration contains a material false statement.

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons

having any claim to the defendant aircraft be directed to file and serve their verified claims and

answers as required by Rule G(5), of the Supplemental Rules for Certain Admiralty and Maritime

Claims, or suffer default thereof, and further requests that the Court declare the defendant property

condemned and forfeit to the United States of America, and that Plaintiff have such other and

further relief as may be just and proper.

Respectively submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY:      _Roger W. Powell_

ROGER W. POWELL
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7255 ext. 3592
Fax: (954) 356-7180
Fla Bar No. 341411
E-mail: Roger.Powell@usdoj.gov

## VERIFICATION

Pursuant to Title 28 United States Code, Section 1746, I declare under penalty of perjury that, I,

Ryan Petrasek  the DEA case agent in this matter,  have read the foregoing Second Amended

Complaint for Forfeiture In Rem and state that the contents are true to be best of my knowledge

and belief.

RYAN PETRASEK
DEA SPECIAL AGENT

8